UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

ALBA HERRERA, on behalf of herself
and others similarly situated,

     Plaintiff,

     v.

INTERMEX WIRE TRANSFER, LLC,
a Florida Limited Liability Company,

     Defendant.

_____/

## COMPLAINT

1.     Plaintiff, ALBA HERRERA (hereinafter referred to as "Plaintiff" and "HERRERA"), is an individual residing in Miami-Dade County, Florida.

2.     Defendant, INTERMEX WIRE TRANSFER, LLC, a Florida Limited Liability Company, has at all times material to this Complaint owned and/or operated offices including at 9480 South Dixie Highway, Miami, Florida 33156 in Miami-Dade County, Florida, within the jurisdiction of this Court.

3.     Plaintiff brings this action on behalf of herself[1] and other current and former employees of Defendant similarly situated to her as "Area Sales Representatives," a/k/a Inside Sales Representatives, however variously titled, for overtime compensation and other relief under the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §216(b).  More specifically, this action is brought to recover from Defendant unpaid overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees of this action under the provisions of the FLSA, 29

_____

[1] Attached hereto is a signed Consent to Join from Plaintiff HERRERA.

U.S.C. §216(b), for Plaintiff and the other employees of Defendant similarly situated to her.

4.      Defendant, INTERMEX WIRE TRANSFER, LLC, has at all times material to this Complaint owned and/or operated a business specializing in the processing of money transfer services in the United States to Latin America and the Caribbean with a network of more than 100,000 payer locations across Fifty (50) States throughout the U.S., Washington, D.C., Puerto Rico, Seventeen (17) Latin American countries, and Four (4) African countries.  It is the intent of this collective action to apply to all similarly situated non-exempt "Area Sales Representatives," a/k/a Inside Sales Representatives, of Defendant, however variously titled, regardless of location.

5.      Jurisdiction is conferred on this Court by 29 U.S.C. §216(b) and 28 U.S.C. §1337.

6.      All of the events, or a substantial part of the events, giving rise to this action, occurred within the jurisdiction of the United States District Court for the Southern District of Florida.

7.      At all times material to this Complaint, including but not necessarily limited to during the years 2017, 2018, 2019, and 2020, Defendant, INTERMEX WIRE TRANSFER, LLC, has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce.  In this regard, Plaintiff alleges based upon information and belief and subject to discovery, that at all times material to this Complaint, INTERMEX WIRE TRANSFER, LLC, has employed two (2) or more employees who, *inter alia*, who have: (a) regularly processed money transfers through in person, telephone based, and online (over the Internet) transactions for customers across the United States and to/from locations outside of Florida that have included but not been limited to more than Fifty (50) states across the U.S., Washington, D.C., Puerto Rico, and Seventeen (17) Latin American countries including Mexico, Guatemala, Honduras, El Salvador, Nicaragua, Costa Rica, Panama,

Dominican Republic, Colombia, Ecuador, Peru, Bolivia, Chile, Brazil, Argentina, Paraguay, and Uruguay, as well as Four (4) African countries including Nigeria, Kenya, Ethiopia, and Ghana; (b) regularly handled and worked on office equipment—including but not limited to computers, photocopier/scanner, printers, telephones—that were goods and/or materials moved in or produced for commerce; and (c) regularly handled and worked with commercial office supplies—including but not limited to paper, pens, staples, and folders—that were goods and/or materials moved in or produced for commerce.

8.    Based upon information and belief, the annual gross sales volume of Defendant, INTERMEX WIRE TRANSFER, LLC, has been in excess of $500,000.00 per annum at all times material to this Complaint, including but not necessarily limited to during the years 2017, 2018, 2019, and 2020.

9.    At all times material to this Complaint, including but not necessarily limited to during the years 2017, 2018, 2019, and 2020, Defendant, INTERMEX WIRE TRANSFER, LLC, has constituted an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §203(s).

10.    Based upon information and belief, more than twenty-five percent (25%) of Defendant, INTERMEX WIRE TRANSFER, LLC's, annual dollar volume of sales of goods and services in the years, 2017, 2018, 2019, and/or 2020 have been sales for resale, such that Defendant is not a "retail or service establishment" establishment within the meaning of the FLSA, 29 C.F.R. §779.313 & §779.331.

11.    Further based upon information and belief, during numerous work weeks within the three (3) year statute of limitations period between February 2017 and the present, the applicable regular rate(s) of pay of Plaintiff and the other similarly situated non-exempt "Area

Sales Representatives," a/k/a Inside Sales Representatives, of Defendant *did not* exceed one and one-half times the applicable minimum wage for every hour worked in all workweeks in which overtime hours were worked <u>and</u> less than half of the total earnings in a "representative period" of Plaintiff and the other similarly situated Inside Sales Representatives was comprised of commissions.

12.   In multiple work weeks during the three (3) year statute of limitations period between approximately June 2019 and January 2020, Plaintiff worked for Defendant as a non-exempt "Area Sales Representative," a/k/a Inside Sales Representative, at Defendant's call center located at offices including at 9480 South Dixie Highway, Miami, Florida 33156, within the jurisdiction of this Court.

13.   Plaintiff's primary job duties for Defendant as a non-exempt "Area Sales Representative," a/k/a Inside Sales Representative, during the three (3) year statute of limitations period between approximately June 2019 and January 2020 consisted of making telemarketing sales calls to try and create and/or increase the sales of INTERMEX WIRE TRANSFER, LLC's wire transfers and other products to generate revenue for Defendant which entailed, *inter alia*, Defendant's requirement that Plaintiff process an average of at least One Hundred and Forty-Four (144) sales calls per day inbound/outbound with a minimum of Forty (40) outbound "contact calls" each day.

14.   The additional persons who may become Plaintiffs in this action are INTERMEX WIRE TRANSFER, LLC's current and former non-exempt "Area Sales Representatives," a/k/a Inside Sales Representatives, however variously titled, who have worked for Defendant in one or more weeks between February 2017 and the present without being paid time and one-half wages for all of their actual hours worked in excess of Forty (40) hours per week for Defendant.

15.     Plaintiff regularly worked in excess of Forty (40) hours per week in one or more work weeks during her employment with INTERMEX WIRE TRANSFER, LLC within the three (3) year statute of limitations period between approximately June 2019 and January 2020.

16.     More specifically, in numerous work weeks during the three (3) year statute of limitations period between approximately June 2019 and January 2020, Plaintiff regularly worked an average of approximately Five (5) days per week for INTERMEX WIRE TRANSFER, LLC with start times of approximately 11:00 a.m. and stop times of approximately 9:00 p.m., except Sundays when Plaintiff typically stopped working at approximately 8:00 p.m., averaging between approximately Forty-Four (44) and Fifty-Five (55) hours per week.

17.     During the three (3) year statute of limitations period between approximately June 2019 and January 2020, INTERMEX WIRE TRANSFER, LLC paid Plaintiff base rates of $12.02/hour and $14.42/hour—plus commissions in some work weeks—with average gross weekly wages of approximately $764.41/week followed by $860.56/week, but Defendant failed to compensate Plaintiff at a rate of time and one-half of her applicable regular rates of pay (inclusive of commissions) for all of Plaintiff's actual overtime hours worked during each week in which Plaintiff worked overtime hours within the three (3) year statute of limitations period.

18.     Subject to discovery of the complete compensation records in INTERMEX WIRE TRANSFER, LLC's possession, based upon Plaintiff being owed an average of Fifteen (15) overtime hours per week from Defendant during a total of approximately Eight (8) work weeks and an average of Four (4) overtime hours during a total of approximately Twenty-(24) work weeks within the three (3) year statute of limitations period between approximately June 2019 and January 2020, if Plaintiff's unpaid overtime wages are found to be due and owing at the rates of $28.67/hour and $32.27/hour, Plaintiff's unpaid overtime wages total approximately **6,754.19**

[(15 OT hours/week x $28.67/hour x 4 weeks = $1,719.92) + (15 OT hours/week x $32.27/hour x 4 weeks = $1,9236.26) + (4 OT hours/week x $32.27/hour x 24 weeks = $3,098.02) = $6,754.19].

19.    Likewise, the other employees of Defendant who are similarly situated to Plaintiff have regularly worked as "Area Sales Representatives," a/k/a Inside Sales Representatives, however, variously titled, in excess of Forty (40) hours in one or more work weeks during their employment with INTERMEX WIRE TRANSFER, LLC within the three (3) year statute of limitations period between February 2017 and the present.

20.    Based upon information and belief and the court records reflecting prior FLSA litigation brought against INTERMEX WIRE TRANSFER, LLC, at all times material to this Complaint, Defendant has failed to time and one-half wages for all of the actual overtime hours worked by Plaintiff and the other similarly situated "Area Sales Representatives," a/k/a Inside Sales Representatives, for all of their actual overtime hours worked within the three (3) year statute of limitations period.  Instead, in numerous work weeks between February 2017 and the present, Defendant has not complied with the requirements of the FLSA by, *inter alia*:  (a) failing to maintain accurate time records of the actual start times, actual stop times, and actual total hours worked each week by Plaintiff and other similarly situated non-exempt "Area Sales Representatives," a/k/a Inside Sales Representatives, however variously titled; and (b) failing to pay all of the overtime compensation required by the FLSA for all of the actual hours worked in excess of Forty (40) hours per week by Plaintiff and other similarly situated non-exempt "Area Sales Representatives," a/k/a Inside Sales Representatives, however variously titled.

21.    Based upon information and belief, INTERMEX WIRE TRANSFER, LLC has failed to maintain contemporaneous and accurate records of the all of the actual start times, stop times, number of hours worked each day, and total hours actually worked each week by Plaintiff

and other "Area Sales Representatives," a/k/a Inside Sales Representatives, however variously titled, during each week between approximately February 2017 and the present as required by the FLSA, 29 C.F.R. §516.2(a)(7).

22.     Based upon information and belief, INTERMEX WIRE TRANSFER, LLC had knowledge of the hours worked in excess of Forty (40) hours per week by Plaintiff and the other similarly situated non-exempt "Area Sales Representatives," a/k/a Inside Sales Representatives, for the benefit of Defendant between February 2017 and the present, but Defendant nonetheless willfully failed to compensate Plaintiff and the other similarly situated Inside Sales Representatives, instead accepting the benefits of the work performed by Plaintiff and other employees without all of the overtime compensation required by the FLSA.

23.     The complete records reflecting the base wages and commissions actually paid by INTERMEX WIRE TRANSFER, LLC to Plaintiff and the other similarly situated "Area Sales Representatives," a/k/a Inside Sales Representatives, between February 2017 and the present are in the possession, custody, and/or control of Defendant.

## COUNT I
## OVERTIME VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

24.     Plaintiff, ALBA HERRERA, readopts and realleges the allegations contained in Paragraphs 1 through 23 above.

25.     Plaintiff is entitled to be paid time and one-half of her applicable regular rates of pay for each hour she worked for INTERMEX WIRE TRANSFER, LLC in excess of Forty (40) hours per work week during the three (3) year statute of limitations period between approximately June 2019 and January 2020.

26.     All similarly situated "Area Sales Representatives," a/k/a Inside Sales Representatives, of INTERMEX WIRE TRANSFER, LLC are also entitled to be paid time and

one-half of their applicable regular rates of pay for each and every overtime hour they worked for Defendant but were not properly compensated for working for Defendant during any work weeks within the three (3) year statute of limitations period between February 2017 and the present.

27.     INTERMEX WIRE TRANSFER, LLC has knowingly and willfully failed to pay Plaintiff and the other "Area Sales Representatives," a/k/a Inside Sales Representatives, similarly situated to her at time and one-half of their applicable regular rates of pay for all hours worked for Defendant in excess of Forty (40) per week between February 2017 and the present.

28.     At all times material to this Complaint, INTERMEX WIRE TRANSFER, LLC had constructive and/or actual notice that Defendant's compensation practices did not provide Plaintiff and the other non-exempt "Area Sales Representatives," a/k/a Inside Sales Representatives, with time and one-half wages for all of their actual overtime hours worked between February 2017 and the present based upon, *inter alia*:  (a) other Inside Sales Representatives having previously brought claims for unpaid overtime wages under the FLSA against Defendant on multiple occasions; and (b) Defendant knowingly failing to pay all of the overtime compensation required by the FLSA for all of the actual hours worked in excess of Forty (40) hours per week by Plaintiff and other similarly situated non-exempt "Area Sales Representatives," a/k/a Inside Sales Representatives, however variously titled.

29.     By reason of the said intentional, willful and unlawful acts of INTERMEX WIRE TRANSFER, LLC, all Plaintiffs (the named Plaintiff and those "Area Sales Representatives," a/k/a Inside Sales Representatives, similarly situated to her who have worked for Defendant between February 2017 and the present) have suffered damages plus incurring costs and reasonable attorneys' fees.

30.     INTERMEX WIRE TRANSFER, LLC did not have a good faith basis for its failure to pay time and one-half wages for all of the actual hours worked by Plaintiff and the other similarly situated employees in one or more weeks during the three (3) year statute of limitations period between February 2017 and the present, as a result of which Plaintiff and those "Area Sales Representatives," a/k/a Inside Sales Representatives, similarly situated to Plaintiff are entitled to the recovery of liquidated damages from Defendant pursuant to 29 U.S.C. §216(b).

31.     Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover from INTERMEX WIRE TRANSFER, LLC all reasonable attorneys' fees and costs incurred as a result of Defendant's violations of the FLSA.

32.     Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, ALBA HERRERA, and any current or former employees similarly situated to her who join this action as Opt-In Plaintiffs, demand judgment against Defendant, INTERMEX WIRE TRANSFER, LLC, for the payment of all unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs of suit, and for all proper relief including prejudgment interest.

## <u>JURY TRIAL DEMAND</u>

Plaintiff demands trial by jury on all issues so triable.


Dated:  February 13, 2020                    Respectfully submitted,

                                 By:     **<u>KEITH M. STERN</u>**
                                         Keith M. Stern, Esquire
                                         Florida Bar No. 321000
                                         E-mail:  employlaw@keithstern.com
                                         LAW OFFICE OF KEITH M. STERN, P.A.
                                         80 S.W. 8th Street, Suite 2000
                                         Miami, Florida 33130

Telephone:  (305) 901-1379
Fax:  (561) 288-9031
Attorneys for Plaintiff

## CONSENT TO JOIN FORM

1.      I consent to be a party plaintiff in a lawsuit against Defendant, **Intermex Wire Transfer, LLC**, as well as any related entities and individuals, to seek recovery for violations of the Fair Labor Standards Act (FLSA) pursuant to 29 U.S.C. §216(b) *et seq.*

2.      I hereby designate the Law Office of Keith M. Stern, P.A. to represent me in bringing my FLSA claims and to make decisions on my behalf concerning the litigation and settlement of these claims.  I agree to be bound by any settlement approved by the Court and any adjudication by the Court, whether it is favorable or unfavorable.

3.      I also consent to join any other related action against Defendant, or any other potentially responsible parties, to assert my FLSA claims and for this Consent Form to be filed in any such action.

*Alba Herrera*
Alba Herrera ███████

**Alba Herrera**